UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL KNUTSON,<br>　　　　Plaintiff,<br>v.<br>STERICYLE, INC., et al.,<br>　　　　Defendants. | Case No. 24-cv-05219-JD<br><br>**ORDER RE REMAND** |

Plaintiff Daniel Knutson sued Stericycle, Inc., his former employer, and a Stericycle human resources manager, Cheryl Sanchez, for discrimination, retaliation, harassment, and wrongful termination under California state law. Dkt. No. 1-3 (complaint). Knutson alleges that he was fired from his job as a senior transportation supervisor on the basis of a medical condition, namely kidney cancer. Knutson originally filed the case in the Contra Costa County Superior Court, and defendants removed to this Court on an allegation of traditional diversity jurisdiction under 28 U.S.C. § 1332(a). Dkt. No. 1. Knutson asks for a remand to state court. Dkt. No. 13. The parties' familiarity with the record is assumed, and the case is remanded.

The parties agree that Knutson and Stericycle have diverse citizenship, but disagree about the effect of Sanchez, who is a California resident and would destroy complete diversity. Sanchez is named in the sixth cause of action for violation of the California Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12900, *et seq*. Defendants say Sanchez is a sham defendant who was fraudulently joined and should be disregarded for jurisdictional purposes. *See* Dkt. No. 17.

This question arises with some frequency in removed employment cases, and the governing standards are well established. As in all federal cases, the foundational principle is that the jurisdiction of the federal courts is limited to what is authorized by the Constitution and

statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Diversity jurisdiction arises when a plaintiff sues a citizen of a different state over an amount in controversy exceeding $75,000." *Dole v. Verisk Analytics, Inc.*, No. 22-cv-06625-JD, 2023 WL 2985116, at *1 (N.D. Cal. Apr. 17, 2023) (citing 28 U.S.C. § 1332(a)). "An out-of-state defendant may remove to federal court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction.'" *Id.* (quoting 28 U.S.C. § 1441(a)). "A plaintiff may move to remand the action to state court if the case was improperly removed because of a lack of subject-matter jurisdiction." *Id.* (citing 28 U.S.C. § 1447(c)). There is a "strong presumption against removal jurisdiction," *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (internal quotation and citation omitted), and any doubt about removal weighs in favor of remand, *see Hawaii ex rel. Louie v. HSBC Bank Nev., N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014). "Principles of federalism, comity, and respect for the state courts also counsel strongly in favor of scrupulously confining removal jurisdiction to the precise limits that Congress has defined." *California v. AbbVie Inc.*, 390 F. Supp. 3d 1176, 1180 (N.D. Cal. 2019) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)).

      The burden of establishing removal is even heavier when a defendant is said to have been fraudulently joined to defeat jurisdiction. "There are two ways to establish fraudulent joinder: '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Geisse v. Bayer HealthCare Pharms. Inc.*, No. 17-cv-07026-JD, 2019 WL 1239854, at *2 (N.D. Cal. Mar. 18, 2019) (quoting *Grancare, LLC v. Thrower by and Through Mills*, 889 F.3d 543, 548 (9th Cir. 2018)) (internal citation omitted). "[S]hort of proving that the plaintiff committed actual fraud in pleading jurisdictional facts, a defendant urging fraudulent joinder must show that the non-diverse party who was joined in the action cannot be liable on any theory." *Id.* (quoting *Grancare*, 889 F.3d at 548) (internal quotation omitted). "Our circuit has emphasized that this inquiry is not the same as the Rule 12(b)(6) review for failure to state a plausible claim." *Id.* (quoting *Grancare*, 889 F.3d at 549). "It has a lower bar and requires only that there is a *possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Id.* (quoting

2

*Grancare*, 889 F.3d at 549) (internal quotation omitted) (emphasis in original). "This means that the joinder of a non-diverse party will not necessarily be deemed fraudulent even if the claim could be dismissed." *Id.* (quoting *Grancare*, 889 F.3d at 549). "In effect, the 'possibility' standard is akin to the 'wholly insubstantial and frivolous standard for dismissing claims under Rule 12(b)(1).'" *Id.* (quoting *Grancare*, 889 F.3d at 549-50). If there is any possibility above the trivial or frivolous that the plaintiff can state a claim against the non-diverse defendant, "the federal court must find that the joinder was proper and remand the case to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

There is a "'general presumption against [finding] fraudulent joinder,'" which adds to the usual presumption against removal in all cases under Section 1332(a) and imposes a particularly heavy burden on the defendant to prove. *Grancare*, 889 F.3d at 548 (quoting *Hunter*, 582 F.3d at 1046). The defendant has some leeway to present facts outside the complaint, but the complaint is usually the best guide in determining whether joinder was fraudulent, and in any event the defendant must prove fraudulent joinder by clear and convincing evidence. *Id.* at 549; *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

These principles make short work of the remand request. Defendants' main point is that the claim against Sanchez is not plausible under Rule 12(b)(6). But that is not the test. The question is whether defendants have demonstrated that Knutson could not possibly recover against Sanchez on the allegations in the complaint.

They have not. The FEHA allows a cause of action against a supervisor like Sanchez along the lines Knutson has alleged. *See* Cal. Gov't Code § 12923; *Pollock v. Tri-Modal Distribution Servs.*, Inc., 11 Cal. 5th 918, 932-33 (2021); *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 707-09 (2009). This includes adverse conduct in connection with a medical condition or disability, as alleged here. *See Caldera v. Dep't of Corr. & Rehab.*, 25 Cal. App. 5th 31, 38-39 (2018). In addition, California law allows a supervisor to be held individually liable for tortious conduct irrespective of whether the conduct occurred within the scope of employment. *See Peredia v. HR Mobile Servs., Inc.*, 25 Cal. App. 5th 680, 692-93 (2018).

Consequently, it cannot be said that Knutson has no chance of recovering against Sanchez. Removal to federal court was improper, and the case is ordered remanded to the Superior Court of the State of California, County of Contra Costa.  28 U.S.C § 1447(c).  Each side will bear its own costs and fees in connection with the removal and remand proceedings.

**IT IS SO ORDERED.**

Dated:  February 18, 2025

JAMES DONATO
United States District Judge